

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 6, 1994

Honorable Fred Hill
Chair
Committee on Urban Affairs
Texas House of Representatives
Austin, Texas 78768-2910

Opinion No. DM-309

Re: Whether the members of the City of Dallas Planning and Zoning Commission are "local public officials" under chapter 171 of the Local Government Code and related questions (RQ-689)

Dear Representative Hill:

You ask whether members of the City of Dallas Planning and Zoning Commission (the "commission") are "local public officials" under chapter 171 of the Local Government Code. Specifically, you ask if the members are "local public officials" for purposes of chapter 171

> when they make recommendations on proposed changes to zoning regulations or boundaries in accordance with Section 211.007(b) of the [Local Government] Code in light of the fact that Dallas has adopted an ordinance in conjunction with Section 211.006(f) of the Local Government Code that requires an affirmative vote of at least three-fourths of the entire City Council to overrule a recommendation of denial by the commission.

Section 211.007 of the Local Government Code provides in pertinent part:

> (a) To exercise the powers authorized by this subchapter, the governing body of a home-rule municipality shall, and the governing body of a general-law municipality may, appoint a zoning commission. The commission shall recommend boundaries for the original zoning districts and appropriate zoning regulations for each district. If the municipality has a municipal planning commission at the time of implementation of this subchapter, the governing body may appoint that commission to serve as the zoning commission.

> (b) The zoning commission shall make a preliminary report and hold public hearings on that report before submitting a final report to the governing body. The governing body may not hold a public hearing until it receives the final report of the zoning commission unless the governing body by ordinance provides that a public hearing is to be held, after the notice required by Section 211.006(a), jointly with a public hearing required to be held by the zoning

commission. In either case, the governing body may not take action on the matter until it receives the final report of the zoning commission.

Local Gov't Code § 211.007. Section 211.006(f) provides as follows:

> (f) The governing body by ordinance may provide that the affirmative vote of at least three-fourths of all its members is required to overrule a recommendation of the municipality's zoning commission that a proposed change to a regulation or boundary be denied.

*Id.* § 211.006.

Chapter 171 of the Local Government Code governs conflicts of interest on the part of "local public officials." "Local public official" is defined as follows:

> "Local public official" means a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district (including a school district), county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature.

*Id.* § 171.001(1). In light of the information you have provided, it is clear that a member of the commission exercises responsibilities beyond those that are advisory in nature. Thus, we conclude that a commission member is a "local public official" under the foregoing definition and therefore subject to the requirements of chapter 171. We further note that a commission member is subject to chapter 171 not just when he or she makes a recommendation specified in section 211.006(f). Rather, all of his or her acts as a commission member are subject to chapter 171.

Next you ask, "Does the term 'involving the business entity' used in Section 171.004(a) refer only to the business entity whose request is the subject matter of the vote or decision, or does it also include a business entity that is paid to represent the entity whose request is the subject matter of the vote or decision?" In a related question, you ask, "Does the term 'involving the business entity' used in Section 171.004(a) include a business entity that is paid to represent a person or group opposing the business entity whose request is the subject matter of the vote or decision?" We conclude that the term "business entity" includes any business entity that represents a party with an interest in a matter before the commission for the following reasons.

Section 171.004 provides in pertinent part:

> (a) If a local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real

property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:

(1) if in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public; or

(2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.

. . . .

(c) If a local public official is required to file and does file an affidavit under Subsection (a), the official is not required to abstain from further participation in the matter requiring the affidavit if a majority of the members of the governmental entity of which the official is a member is composed of persons who are likewise required to file and who do file affidavits of similar interests on the same official action.

Section 171.004(a)(1) requires a commission member to file an affidavit if he or she has a substantial interest in a business entity[1] and the action on the matter will have a special economic effect on the business entity. *Id.* § 171.004(a)(1). Section 171.004(a)(1) is broadly written and does not require that the business entity have a direct interest in the matter. It only requires that the action on the matter have a special economic effect on the business entity. Furthermore, chapter 171 does not confine the term "business entity" to only those business entities with a direct interest in an action. *See id.* § 171.001(2) ("'Business entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law."). We believe that section 171.004(a)(1) extends to an action of the commission that will have a special economic effect on a business entity that represents an entity or person with an interest in a matter before the commission. Whether or not a particular action will have a special economic effect on a business entity that represents an entity or person with an interest in a matter before the commission is a question of fact and is therefore beyond the purview of the opinion process. *See* Attorney General Opinion DM-279 (1993) at 7. A local public official commits a criminal offense if he or she knowingly fails to file an affidavit stating the nature and extent of his or her substantial interest in a business entity

---

[1] A person has a "substantial interest in a business entity" if (i) the person owns ten percent or more of the voting stock or shares of the business entity or owns either ten percent or more or $5,000 or more of the fair market value of the business entity or (ii) funds received by the person from the business entity exceed ten percent of the person's gross income for the previous year. *See* Local Gov't Code § 171.002(a).

on which a vote or decision will have a special economic effect, as required by section 171.004. *See* Local Gov't Code § 171.003.

## S U M M A R Y

A member of the City of Dallas Planning and Zoning Commission (the "commission") is a "local public official" subject to the requirements of chapter 171 of the Local Government Code. Section 171.004(a)(1) extends to an action of the commission that will have a special economic effect on a business entity that represents an entity or person with an interest in a matter before the commission.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General